UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) NO. 2:04-CR-70
)
MARIO GRAVES )

**O R D E R**

This criminal matter came before the Court on April 6, 2005, to address the defendant's objection to the government's notice of its intent to use evidence of subsequent criminal acts pursuant to *Fed. R. Evid.* 404(b) in order to establish specific intent and knowledge on the part of the defendant in this case. [Doc. 54]. The indictment in this case charges a conspiracy beginning on or about September, 2000, and continuing to on or about September, 2003. The defendant has also been charged, in another case, with having been involved in a conspiracy beginning on or about October, 2003 and continuing to on or about April, 2004. The government wishes to introduce evidence of the subsequent acts within the later conspiracy to prove intent and knowledge on the part of the defendant as to the conspiracy occurring between September, 2000 and September, 2003.

In determining whether to admit the use of the subsequent bad acts, the Court must conduct a three part analysis, determining first whether there is sufficient evidence by which a jury could reasonably find that the act occurred by a preponderance of the evidence. Secondly, the Court must determine whether the subsequent act is admissible for a legitimate purpose, and finally whether the probative value of the other acts evidence is substantially outweighed by its prejudicial effect. *United States v. Haywood*, 280 F. 3d 715, 719-20 (6th Cir. 2002).

Presuming that the government would have available to testify at trial the confidential informant, whose testimony was summarized somewhat by the Assistant U. S. Attorney and by the investigating agents in their testimony, the Court finds that the government would likely have sufficient evidence from which the jury could find by a preponderance of the evidence that the subsequent bad acts actually occurred. Likewise, though the issue is, as stated by the Assistant U. S. Attorney, "nebulous," proof of the defendant's subsequent involvement in a conspiracy for the distribution of crack cocaine is probative of a material issue other than the defendant's character in the government's proof of the defendant's involvement, in this case, in the distribution of crack cocaine, that is, the issue of the defendant's specific intent and knowledge that the conspiracy was formed for an illegal purpose. In coming to this conclusion, the

2

Court looked to whether the evidence relates to conduct that is "substantially similar and reasonably near in time" to the specific intent offense at issue. *Id.* at 721. Clearly, both acts involve the defendant's involvement in a conspiracy for the distribution of crack cocaine, and thus, are substantially similar. Likewise, the subsequent acts, which are alleged to have began occurring in the month following the ceasation of the first conspiracy, are reasonably near in time.

Regardless of whether the subsequent bad acts are otherwise admissible, the Court must exclude the evidence of subsequent acts if the value of this evidence is substantially outweighed by its potential prejudicial effect. *Id.* at 722. In weighing the value of the proposed subsequent acts evidence against its potential prejudicial effect, the Court admittedly looked at the subsequent acts with a somewhat jaundiced eye simply because the acts are subsequent. In other words, because the proposed evidence is of a subsequent act, it is difficult for the Court to see how the evidence is as probative on the issue of the defendant's specific intent and knowledge as would be evidence of a prior bad act. In fact, the Sixth Circuit has recognized on more than one occasion that "rarely will an event that occurred subsequent to the charged crime be probative of motive, knowledge, or intent." *United States v. Cowart*, 90 F. 3d 154, 158, (6th Cir. 1996).

While the proposed evidence does have some potential probative value, it is also clear that this evidence has the "potential for confusion, misuse, and unfair prejudice." *See United States v. Myers*, 123 F. 3d 350,360 (6th Cir. 1997). The admission of evidence that the defendant, subsequent to his involvement in the conspiracy alleged in this case, entered into another conspiracy for the distribution of crack cocaine would clearly have the additional purpose of branding the defendant as a bad person, and go to his propensity to be involved in this type of crime. The Court must view this prejudicial effect of the evidence against the availability to the government of other means of proof. The government has represented that at trial the jury will hear from ten witnesses, all of whom will testify as to the direct involvement of the defendant in the charged conspiracy, and that if but one of these witnesses is believed by the jury, the government will have proven the defendant's specific intent and knowledge. Even taking into consideration the fact that the jury will be instructed to view the testimony of these witnesses with caution, due to the fact that each of these witnesses' credibility will be called in question by at least one of the following factors:
1) prior conviction; 2) use of drugs and/or alcohol; and 3) a plea agreement with the government, the Court is of the opinion that the prejudicial effect of this evidence substantially outweighs the probative value of the evidence when viewed in light of the other evidence the government has against this defendant. *See Haywood* at 724.

Accordingly, it is **ORDERED** that the government may not introduce evidence of the defendant's involvement in the acts with which the defendant is charged in criminal case No. 2:04-CR-69.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE