UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

MARIO A. GRAVES )
)
v. ) 2:11-cv-166\2:04-cr-70
) *Jordan/Inman*
UNITED STATES OF AMERICA )

## **MEMORANDUM**

Proceeding *pro se*, federal inmate Mario A. Graves brings this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In 2005, following a jury trial, Graves was convicted of conspiring to distribute and possessing with the intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Due to the quantity of drugs involved (1.5 kilograms of cocaine base), petitioner's offense level was 38, *see* USSG §2D1.1 (a)(3)(c)(1), and that fact, along with the length and timing of his punishment on a prior felony drug- possession conviction in North Carolina, established a guidelines sentencing range of 360 months to life. The Court imposed the lowest term of imprisonment (360 months).

Graves filed a direct appeal, challenging the sufficiency of the evidence, but his conviction was affirmed. (Doc. 96, *United States v. Graves*, No. 05-6359, (6th Cir. Apr. 20, 2007) (unpublished order)). Graves then moved, successfully, to reduce his sentence under the retroactive crack cocaine guidelines, 18 U.S.C. § 3582(c)(2), and

his sentence was lowered to 324 months. There followed this instant motion to vacate, in which Graves asserts a single claim: that his sentence enhancement for his prior North Carolina felony drug conviction was unjust, in light of a recent Supreme Court decision. (Doc. 109).

As petitioner recognizes, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a motion to vacate.[1] 28 U.S.C. § 2255(f). The statute is triggered, as relevant here, on the date on which the judgment of conviction becomes final, *see* § 2255(f)(1), or on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Graves' judgment of conviction and sentence was docketed on August 26, 2005, and his direct appeal was denied by the Sixth Circuit on April 20, 2007. Graves sought no further direct review and his conviction became final ninety days later (i.e., July 19, 2007). *See Clay v. United States*, 537 U.S. 522, 524 (2003) (if no petition for certiorari is filed, judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court); *Humphress v. United States,* 398 F.3d 855,

---

[1] Prior to the AEDPA, there was no statute of limitations for filing a § 2255 motion.

860 (6th Cir. 2005). Thus, if section 2255(f)(1) applies to the instant motion, Graves would have had to file it on or before July 19, 2008, to be timely. This motion is deemed to have been filed on June 6, 2011, the date Graves signed it and, presumably, mailed it to the Court. *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999) (holding that a § 2255 motion is treated as timely filed if it is delivered to the prison authorities for mailing prior to the lapse of the 1-year limitations statute) (citing *Houston v. Lack,* 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Clearly, under this scenario, Graves filed his motion almost three years too late; thus, for his motion to be timely, he will require a new limitations period, as provided in § 2255(f)(3).

The case upon which Graves primarily is relying to start a new limitations period is *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010)—a decision handed down on June 14, 2010. In *Carachuri-Rosendo,* the subject alien had received two misdemeanor convictions for simple drug possession in Texas and was sentenced respectively to 20- and 10-day jail terms. State law authorized an enhanced sentence for a recidivist simple drug possession conviction, but the State did not charge, convict, or sentence the alien as a repeat offender.

Under federal immigration law, an alien who has "been convicted of a violation of. . . any law . . . of a State . . . relating to a controlled substance" is removable. *See*

3

Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U.S.C. 1101 *et seq.*, 8 U.S.C. 1227(a)(2)(B)(I). However, an alien may seek discretionary cancellation of removal, if, among other things, he has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3). An "aggravated felony" for immigration law purposes includes a state drug offense that is punishable by a term of imprisonment for more than one year, regardless of whether the offense was classified as a misdemeanor under state law. *Carachuri-Rosendo*, 130 S. Ct. at 2581. A *recidivist* simple drug-possession conviction in state court qualifies for felony punishment under the CSA. *See* 21 U.S.C. § 844 ("Any person [who commits a crime of simple drug possession and who has] a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, [which] has become final, . . . shall be sentenced to a term of imprisonment for . . . not more than 2 years.").

Carachuri-Rosendo's second simple drug-possession conviction prompted the filing of a petition for removal. Conceding that he was removable based on his controlled-substance convictions, he nonetheless insisted that he was eligible for cancellation of removal because his second possession conviction had not been based on his earlier conviction. Therefore, he suggested, the subject conviction was not an "aggravated felony." The government disagreed, arguing that the conviction was an aggravated felony since the alien's conduct could have been prosecuted in Texas as a

recidivist simple-possession offense and, thus, also could have been punished as a felony under federal law, which would have carried a maximum 2-year sentence.

The case was taken to the Supreme Court, which framed the issue as whether "the mere possibility, no matter how remote, that a 2-year sentence might have been imposed in a federal trial is a sufficient basis for concluding that a state misdemeanant who was not charged as a recidivist has been 'convicted' of an 'aggravated felony' within the meaning of § 1229b(a)(3)." *Carachuri-Rosendo*, 130 S. Ct. at 2583. The Court held for the alien, concluding that a defendant who has been convicted in state court for a subsequent simple drug- possession offense, which was not enhanced based on the fact of a prior conviction, has not been convicted of a felony punishable as such under the CSA, so as to disqualify him for cancellation of removal. *Id.* at 2589.

Graves also points to *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), to support his position. *Pruitt*, applying *United States v. Rodriguez*, 553 U.S. 377 (2008), held that under North Carolina's structured sentencing scheme, the maximum sentence for an offense is limited by an offender's prior criminal history, so that the maximum sentence for a particular defendant's offense hinges on his individual prior criminal history. To state it differently, the maximum sentence is not the highest sentence which could be imposed on a "hypothetical offender" with the worst criminal history,

5

but the highest sentence authorized for an offender with the same criminal history as the defendant's.

However, these two decisions and others cited by Graves are distinguishable. With one exception not relevant here, those cases, unlike the instant motion, were decided on direct appeal. Even if the Court assumes that *Carachuri-Rosendo* recognized a new right, there is nothing to indicate, and he has not shown, that the newly recognized rule has retroactive application to section 2255 motions. New rules of procedure generally apply to cases not yet final, *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987), but, with limited exceptions, not to cases which have become final before the rule is established. *Teague v. Lane*, 489 U.S. 288, 310 (1989).

Despite an exhaustive search, the Court has not found a case which holds that *Carachuri-Rosendo* applies retroactively to cases on collateral review, though it has found decisions to the contrary. *See Adams v. United States*, 2011 WL 1233238 (S.D. Fla. Feb. 28, 2011) (unpublished) (rejecting a § 2255 petitioner's argument that *Carachuri-Rosendo* represented a change in the law to be retroactively applied); *Powell v. United States*, 2011 WL 32519 (W.D.N.C. Jan 4, 2011) (unpublished) (same); *Hickman v. United States*, 2010 WL 4721706 (D.S.C. Nov. 12, 2010) (unpublished) (same). In the absence of any case law supporting Graves' position, and after a very close reading of *Carachuri-Rosendo* itself, the Court declines to find that

6

any rule established in that decision is a new procedural rule which applies retroactively to this section 2255 motion.

On the other hand, new substantive rules, such as those which "narrow the scope of a criminal statute by interpreting its terms" or those which "place particular conduct or persons covered by the statute beyond the State's power to punish," are not subject to the *Teague* bar and generally apply retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351-352 (2004) (citations omitted). If the Court assumes, solely for purposes of deciding the timeliness issue, that *Carachuri–Rosendo* announced a new substantive rule which is retroactive on collateral review, that rule would not apply to Graves.

This is so because Graves' sentence was not enhanced pursuant to the recidivist provision of § 841(b)(1)(A). Instead, Graves received a guidelines sentence of 360 months (later reduced to 324 months). It matters not whether Graves' 1996 North Carolina conviction for felony possession of cocaine is a "prior conviction for a felony drug offense," *see* § 841(b)(1)(A), since the only impact the 1996 conviction had on Graves' sentence was to cause two points to be added to his criminal history. (Graves' Presentence Report, ¶ 35). Those points, however, were not assessed because the 1996 conviction was classified as felony by North Carolina or was a prior felony drug conviction under § 841. Rather, those points were added because the 1996 conviction resulted in a sentence of at least sixty days confinement (when Graves' probation was

7

revoked, *see* USSG § 4A1.2(k)) and because Graves' release from that confinement occurred within five years of September of 2000, when the federal crack cocaine offense commenced. (*Id.*, ¶¶ 33 & 35, referencing USSG §§ 1B1.3 & 4A1.2(d)(2)(A)).

Moreover, if those two points were subtracted from Graves' 14-point total of criminal history points, this would not have changed his sentence. He still would have twelve criminal history points, an ensuing Category V criminal history, and would continue to face a sentence of 360 months to life (reduced to 324 months under the crack guideline amendment). *See* USSG Chapter 5, Part A, Sentencing Table.

Based on the above discussion, the Court concludes that this § 2255 motion is untimely because it was filed after the expiration of the one-year statute of limitations in § 2255(f)(1) and because the motion is not rescued by any new one-year limitations period in § 2255(f)(3), triggered by the issuance of *Carachuri-Rosendo*.

The Court must now consider whether to issue a certificate of appealability (COA) should Graves file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on a procedural basis must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). It is unnecessary, however, for a petitioner to show that he is likely to succeed on his claims. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

Petitioner asserted that his petition was timely because he filed it within one year of the date the Supreme Court issued its decision in *Carachuri-Rosendo*, which established "the importance of the presence of an actual recidivism enhancement in a particular case plays in determining the maximum term of imprisonment." Graves invited the Court to find that this decision established a new retroactive rule and, hence, a new limitations statute for filing the instant motion. The Court declined the invitation, given the lack of any prior like-minded decisions involving *Carachuri-Rosendo* and determined, in the alternative, that, if the "recidivism rule" urged upon it by Graves did apply retroactively, it would not have changed his sentence. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347-348 (1936) ("The Court will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation.") (Brandeis, J., concurring).

Although jurists of reason might question the correctness of the Court's retroactivity conclusions, the Court believes that they would not disagree as to its

9

finding that the "recidivism rule," if applied retroactively to Graves' guidelines-based sentence, would have led to no different result. Thus, reasonable jurists would not conclude the disposition of his claim was debatable or wrong. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

A separate order will enter dismissing this motion as time-barred.

**ENTER**:

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE